MARY TURPIN ET AL. *v.* JAMES TURPIN'S ADMR.

[Abstract Kentucky Law Reporter, Vol. 4—438.]

**Enforcement of Purchase-Money Notes.**

In an action for the settlement of an estate as well as to enforce the purchase-money lien on land sold, where all the parties are before the court there is no obstacle in the way of a judgment enforcing such lien.

APPEAL FROM GARRARD COURT OF COMMON PLEAS.

November 16, 1882.

OPINION BY JUDGE PRYOR:

We see no objection to the judgment below because it is for the amount of the principal of the notes with the accumulated interest up to the date of its rendition and then interest given on the aggregate amount. There was that sum due and owing when the judgment was entered and such judgments have in several instances been sustained by this court. Nor can we see how the action of the

court in auditing the notes of the purchasers of this land by the interest of those of the devisees is to prejudice their rights. The larger the credit is the less the purchasers will have to pay. The administrator is not claiming it as error, nor was it necessary for the execution of any bond by the administrator before judgment. The purchasers were before the court and there was no obstacle in the way of a judgment enforcing the lien. The appellants, the Staffords, have, however, an interest in the proceeds of the sale of this land other than that expressly devised by reason of the death of some of the devisees without leaving issue surviving them. It was the purpose of the testator to give to each one of the children one-ninth of his estate, and he expressly provides that if the devisees die without issue, his or their portion is to go back to his estate and such being the case all of the surviving children would take an interest under the will in that portion devised to the deceased brother or sister. This is an action for the settlement of the estate as well as to enforce the lien, and the devisees, who were purchasers, were not entitled to a credit of the entire interest of those who would have been entitled if living. No objections were made to the proceedings because of the misjoinder of actions, nor are we prepared to say that the action to enforce the lien was improperly joined with the action for a settlement of the estate. The amount allowed the commissioner is too much. One-half the sum was a proper allowance.

Judgment *reversed* and cause remanded for further proceedings.

*C. A. Rodes, S. M. Boone, Fox & Fox,* for appellants.

*G. W. Dunlap,* for appellees.

[Cited, in *Harvey v. Bell,* 118 Ky. 512, 26 Ky. L. 381, 81 S. W. 671.]